UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------
In re

      LINDA HANSEN                            13-11199 B
      aka Linda M. Hansen, fka Linda M. Chojnacki

                                       DECISION & ORDER

                        Debtor
----------------------------------------------------

                  Morris L. Horwitz, Esq.
                  14 Lafayette Square
                  Suite 1440, Rand Bldg.
                  Buffalo, New York 14203
                  Trustee and Attorney for the Trustee

                  Jeffrey Freedman Attorneys at Law
                  Regina A. Walker, Esq., of counsel
                  424 Main Street, Suite 622
                  Buffalo, New York 14202-3593
                  Attorneys for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

      The Chapter 7 trustee objects to the debtor's claim of an exemption for a check in the amount of $11,975. At issue are the rights of a payee under Article 3 of the Uniform Commercial Code.

      In January of 2013, Linda Hansen received a distribution of $26,080.03 from the estate of her deceased mother and deposited that sum into her husband's checking account. After spending a portion of this money on various joint expenses, Mr. Hansen wrote a check to his wife on January 16 for the remaining balance in the amount of $11,975. Rather than presenting it for collection, Linda Hansen retained the check in her possession. Then on May 2, 2013, Mrs. Hansen filed an individual petition for relief under Chapter 7 of the Bankruptcy Code. In schedules filed with that petition, the debtor asserted an exemption for a "check in the amount of $11,975." With respect to this claim of exemption, the Chapter 7 trustee has now filed a timely objection.

The trustee contends that the debtor may have fraudulently transferred $11,975 to her husband. In the trustee's view, because the debtor had not yet negotiated the refunding check from her husband, this sum remained in the husband's account on the date of bankruptcy filing. The trustee further contends that without possession on that date, the debtor has no ability to exempt the underlying funds. Mrs. Hansen responds that she deposited her inheritance into her husband's bank account for convenience purposes only. She contends that because any unspent portion of the inheritance was returned in the form of a check, she reversed any fraudulent conveyance and may therefore exempt the value represented by the negotiable instrument that Mr. Hansen had given to her.

By stipulation between the trustee and Mr. and Mrs. Hansen, the disputed sum of $11,975 is now held in escrow. For the reasons stated hereinafter, the trustee's objection to the claim of exemption is sustained, but only to whatever extent that the trustee prevails in an adversary proceeding to recover a fraudulent conveyance.

## Discussion

Subject to limitations not here relevant, 11 U.S.C. § 522(b) allows the various states to designate the property that a debtor may exempt from administration in a bankruptcy proceeding. Pursuant to Debtor & Creditor Law § 285, a debtor who files bankruptcy in the State of New York may claim the exemptions specified either in 11 U.S.C. § 522(d) or in Debtor & Creditor Law § 282. In the present instance, Mrs. Hansen chose to assert the federal exemptions under section 522(d). This selection enabled her to claim the "wild card" exemption of 11 U.S.C. § 522(d)(5), which allows an exemption for "[t]he debtor's aggregate interest in any property, not to exceed in value $1,450 plus up to $10,825 of any unused amount of [the allowed homestead exemption]." Relying on this provision, the debtor asserts a right to exempt the check from her husband's account in the amount of $11,975.

A check is a type of negotiable instrument that is an order drawn on a bank and payable on demand. N.Y.U.C.C. § 3-104 (McKinney 2001). However, "a check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for payment." N.Y.U.C.C. § 3-409 (McKinney 2001). As payee, the debtor holds an interest in the check, but that interest does not necessarily establish a fund of money against which a claim of exemption will attach.

In purporting to exempt a check, Mrs. Hansen wishes to protect not a mere piece of paper, but an interest in the account on which that check may be drawn. Although the payee may have a right to access those funds upon presentment of the check, such presentment had not occurred at the time of bankruptcy filing. Nor would presentment guarantee receipt of funds. An account might not hold a sufficient sum of money. By garnishment or restraint, a competing creditor might establish a superior entitlement. Unless certified, a check provides only the possibility of payment. In some instances, this possibility will suffice as evidence of an interest for a stated amount that a debtor can readily exempt. For example, an uncashed pension check reflects the value of benefits to which the debtor might assert an exemptible entitlement. *See* 11 U.S.C. § 522(d)(10)(E) or N.Y. Debt. & Cred. Law §282(2)(e) (McKinney Supp. 2012). We allow an exemption not for the check itself, but for the underlying right to payment. Even if the pension fund had neglected to issue the check, the debtor would have an exemptible interest in any required distribution. That, however, does not reflect the circumstances of the instant case.

A fraudulent conveyance creates no basis of claim for the benefit of the transferor, but only a cause of action that may be asserted by the transferor's creditors or her trustee in bankruptcy. Consequently, aside from any right that she might derive from her possession of the check, Mrs. Hansen had no exemptible interest in any fund of money that she may have fraudulently transferred to her husband. With regard to the check, the disputed sum of $11,975 was still on deposit in the husband's bank account at the moment of bankruptcy filing. Pursuant to N.Y.U.C.C. §3-409, the mere delivery of the check did not

effect an assignment of the underlying funds. Because the checking account and its deposits retained their status as property of the husband, the parties failed to reverse any fraudulent transfer. Without the completion of a reverse transfer, Mrs. Hansen cannot claim the account deposits as an asset that she could exempt. The debtor may exempt a check, but that check will have value only to the extent of collection. Simultaneously with the filing of the debtor's bankruptcy petition, the trustee obtained rights under Chapter 5 of the Bankruptcy Code. Accordingly, access to the husband's checking account became subject to the consequences of any successful claim of the trustee. The debtor's interest in her husband's checking account is therefore limited to the value of funds remaining after the trustee exhausts any right to recover a fraudulent conveyance.

Section 3-802(1)(b) of New York's version of the Uniform Commercial Code does not impact the outcome of the present dispute.[1] In relevant part, this section provides that "where an instrument is taken for an underlying obligation . . . . the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment." For purposes of the statute, "the 'underlying obligation' is the original obligation between the parties which led to issuance of the negotiable instrument in the first place." JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE § 13-20 (2d ed. 1980). Here, Mr. Hansen owed to his wife no obligation to return any moneys that she might have previously gifted to him. As between husband and wife, there is no obligation that the husband's check can suspend. Meanwhile, the trustee has never received any check that might have suspended an obligation to the bankruptcy estate. Not affected by any suspension, the trustee may proceed to assert any cause of action for avoidance under Chapter 5 of the Bankruptcy Code.

Although he has asserted the possibility of a fraudulent conveyance, the trustee has not yet commenced an action to recover transfers to the husband. Nothing in this decision

---

[1]Although New York has not adopted the 1990 revision to Article 3 of the Uniform Commercial Code, N.Y.U.C.C. § 3-802 (McKinney 2001) is now substantially incorporated into U.C.C. § 3-310 (1990).

should suggest the likelihood of the trustee's success on the merits. Any claim of the trustee might also be subject to defenses, including the possibility that the husband might have held the disputed funds as a bailment. *See Van Wagoner v. Buckley*, 148 A.D. 808 (2nd Dept. 1912). To the extent that the debtor did not effect a fraudulent transfer to her husband, she may still assert an exemption for her claim against the deposited funds. That, however, is a matter for future decision. For now, we merely conclude that Mrs. Hansen may not exempt property that she fraudulently conveyed to her husband. With regard only to any fraudulently conveyed property, the trustee's objection to the debtor's claim of exemption is sustained.

So ordered.

Dated: Buffalo, New York            /s/      CARL L.  BUCKI
       May 9, 2014                 Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.